Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 4193 | **DATE** | April 14, 2011 |
| **CASE TITLE** | *David Shields v. Officer Garcia, et al.* | | |

**DOCKET ENTRY TEXT**

The defendants' motion for summary judgment [59-1] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■ [ For further details see text below.]  Docketing to mail notices.

00:00

## STATEMENT

Plaintiff David Shields has sued three Chicago police officers for false arrest, unlawful search and seizure, and medical indifference, all stemming from a traffic stop during which Shields was arrested for several drug and traffic offenses. The defendants have moved for summary judgment on all of Shields' claims. For the reasons that follow, the motion is granted.

### BACKGROUND

The parties agree on very little of what happened on May 29, 2009, when defendant officers Louis Torres and Edgar Garcia pulled over Shields while he was driving to his sister's house. The officers contend that they pulled over Shields for failing to use his turn signal, but Shields asserts that he used his signal. After pulling over Shields, officer Garcia asked Shields to produce his driver's license, which Shields contends he did, but the officers assert he did not. The parties do agree on this point, however: after officers arrested Shields for the alleged traffic violations and directed him out of his car, Shields told officers to "[g]o ahead" and search his car because he knew he "didn't have no drugs or nothing in my car." Shields Dep. (attached as Exhibit PX1 to Plaintiff's Rule 56.1(b)(3) Responses [54-1]) at 38:8-12. After the search, the officers showed Shields two white baggies containing a white rocky substance that tested positive for cocaine. Shields told the officers that the baggies must have been left behind by a passenger he had just dropped off, but the officers nevertheless added possession of a controlled substance and drug paraphernalia to the reasons for his arrest, and impounded his car.

Officers transported Shields to the police station, where he was handcuffed to a wall for two hours. Shields told one of the officers at the station, defendant Pamela Williams, that he needed something to eat because he was diabetic, but she refused his request and "cussed him out." Plaintiff's Rule 56.1(b)(3) Responses [54-1] at 12 (Statement of Additional Fact #37).

The plaintiff remained jailed for about three-and-a-half weeks, and was eventually released after a state court judge dismissed all of the charges.

## STATEMENT

On August 4, 2009, Shields attended an administrative hearing in which he contested the city's impoundment of his car. He presented his case, and had the opportunity to cross-examine officer Garcia. The hearing officer concluded that the city was entitled to impound the car under Chicago Municipal Code § 7-24-225(a), which states that:

> the owner of record of any motor vehicle that contains any controlled substance or cannabis . . shall be liable to the city for an administrative penalty of $1,000.00 plus any applicable towing and storage fees. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

Shields then initiated the instant lawsuit against officers Torres, Garcia, and Williams by filing a *pro se* complaint, which he later amended. According to his amended complaint, which the court construes liberally, Shields alleges the following constitutional violations under 42 U.S.C. § 1983 : illegal search of his car; false arrest; illegal seizure of his car; and inattention to his medical needs during the period of his detention preceding his probable cause hearing. Shields originally also alleged a claim of racial profiling, but has abandoned it in response to the motion for summary judgment. *See* Response [55-1] at 3 n.1. The defendants now seek summary judgment on each of the remaining claims.

## ANALYSIS

### I.     Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### II.     Illegal Search

Shields alleges that the search of his car by officers Torres and Garcia violated the Fourth Amendment because it was unsupported by either probable cause or consent, and was not incident to arrest. However, Shields admits that prior to the search, he told officers to "[g]o ahead" and search his car because he knew he "didn't have no drugs or nothing in my car," thereby consenting to the search. Shields Dep. (attached as Exhibit PX1 to Plaintiff's Rule 56.1(b)(3) Responses [54-1]) at 38:8-12. In his response to the motion for summary judgment, Shields asserts for the first time that a question of fact exists as to whether his consent was voluntary or coerced. In support, he cites *United States v. Figueroa-Espana*, 511 F.3d 696, 705 (7th Cir. 2007), which identified the following factors relevant to whether consent is voluntary:

> (1)     the person's age, intelligence, and education;

    (2)    whether he was advised of his constitutional rights;
    (3)    how long he was detained before he gave his consent;
    (4)    whether his consent was immediate, or was prompted by repeated requests by the authorities;
    (5)    whether any physical coercion was used; and
    (6)    whether the individual was in police custody when he gave his consent.

*Figueroa-Espana*, 511 F.3d at 705. Shields argues that his consent was not voluntary under the factors in *Figueroa-Espana* because the government failed to present evidence that Shields was advised of his constitutional rights before consenting, and because he was in custody when he consented. However, the "determination of voluntariness does not ride on the presence or absence" of individual factors but, rather, is "dependent on the totality of the circumstances." *Id.* (internal quotation marks and citation omitted).

According to Shields' own words, he voluntarily consented to the search, and did so not because of coercion but, rather, because he knew he "didn't have no drugs or nothing in my car." Therefore, he has not identified a genuine question of fact as to the voluntariness of his consent. In light of Shields' consent, the defendants are entitled to judgment on his illegal search claim. Because the defendants are entitled to judgment based on Shields' consent, the court need not address their alternative argument that the search was proper as being incident to arrest.

**III.**    **False Arrest**

Shields alleges that he was arrested in violation of the Fourth Amendment because officers lacked probable cause. He asserts that the defendants are not entitled to summary judgment because he has raised genuine issues of material fact as to each of the grounds on which officers arrested him. Specifically,

    (1)    he testified at his deposition that he used his turn indicators, undermining officers' reason for pulling him over in the first place;

    (2)    he testified that he produced his license, registration, and proof of insurance, undermining officers' reason for arresting him for failing to produce his license;

    (3)    he told officers that drugs found in the car were not his, undermining their basis for arresting him for possession of a controlled substance and drug paraphernalia.

The parties' dispute as to whether or not Shields used his turn indicators or possessed a driver's license are irrelevant because officers had probable cause to arrest Shields based upon the discovery of drugs in his car. *See United State v. Bullock*, 632 F.3d 1004, 1018 (7th Cir. 2011) (the discovery of drugs in a vehicle would give police probable cause to arrest the driver). Even if officers lacked probable cause to arrest Shields for each of the offenses charged, as long as they had probable cause to arrest him on the drug charges, his arrest was constitutional. *Ray v. City of Chicago*, 629 F.3d 660, 663 (7th Cir. 2011) ("So long as a police officer has probable cause to believe that a person has committed a crime, then it is not constitutionally relevant whether the person was arrested on ... charges for which there was no probable cause.) (internal quotation marks and citation omitted).

| STATEMENT |
|---|

Shields argues that whether or not officers found drugs in his car is disputed. However, the issue of whether drugs were in the car was previously raised by Shields during the administrative appeal of the impoundment of his car. Officer Garcia testified at the appeal that he impounded the car under Chicago Municipal Code § 7-24-225(a), which authorizes the impoundment of any vehicle containing a controlled substance. Shields was afforded the opportunity to cross-examine Garcia, though he asked Garcia just one question and stopped even though he did not get a direct response. Under the doctrine of issue preclusion, a party is estopped from relitigating an issue previously decided as long as the issue was essential to the previous determination and the party against whom estoppel is invoked was fully represented in the prior action. *See Blackwell v. Kalinowski*, Case No. 09 CV 7257, 2009 WL 1702992, at *2 (N.D. Ill. June 18, 2009). Those factors have been satisfied, as Shields attended the administrative hearing and represented himself, and the hearing officer's determination that drugs were present in Shield's car was essential to his decision that impoundment was proper under § 7-24-225(a). Accordingly, Shields is estopped from asserting that a genuine issue of material fact exists as to whether officers found drugs in his car. *See Blackwell*, 2009 WL 1702992, at *2 (issue preclusion applies to hearing officer's determination that grounds for impoundment of car existed under § 7-24-225(a)).

Shields also appears to argue that because he has raised a genuine issue of material fact over whether officers had probable cause to arrest him for allegedly failing to use his turn signal, the drugs officers found later while searching his car cannot be the basis of probable cause to arrest him. His argument appears to rest on the Exclusionary Rule, under which the fruits of an illegal arrest or search cannot be used against a defendant in a criminal prosecution. *See United States v. Slone*, — F.3d —, No. 09-4089, 2011 WL 590114, at *3 (7th Cir. Feb. 22, 2011). However, "the exclusionary rule does not apply in Section 1983 cases." *Blackwell v. Kalinowski*, No. 08 CV 7257, 2009 WL 1702992, at *3 (N.D. Ill. June 18, 2009). Therefore, even if Shields could show that officers lacked reasonable suspicion to stop him and probable cause to arrest him for failing to use his turn signal, the drugs they found during the search to which he consented nevertheless gave the officers probable cause to arrest.

Accordingly, the defendants' motion for judgment on Shields' false arrest claim is granted. Because the court concludes that the undisputed evidence establishes probable cause for Shields' arrest, the court need not address the defendants' alternative argument that Shields is estopped from arguing lack of probable cause based upon the decision in his administrative appeal.

### IV.     Illegal Seizure

Next, Shields contends that the officers illegally seized his car after his arrest for possession of drugs and drug paraphernalia. However, as discussed above, the issue of the validity of the officers' seizure of Shields' car was already settled by a hearing officer after an administrative proceeding in which Shield participated and had the opportunity to cross-examine officer Garcia. Accordingly, Shields is estopped from arguing that the defendants lacked any basis for seizing his car, so the defendants' motion for judgment on Shields' illegal seizure claim is granted. *See Blackwell*, 2009 WL 1702992, at *3 (§ 1983 plaintiff is estopped from arguing that officers unconstitutionally seized her car because hearing officer already determined that seizure was proper under § 7-24-225).

### V.     Medical Inattention

Finally, Shields contends that officer Williams' failure to provide him food to avoid complications due to his diabetes was objectively unreasonable and, therefore, a violation of his rights under the Fourth Amendment.

## STATEMENT

For arrestees who have not yet had a judicial determination of probable cause, establishing a claim of medical inattention requires evidence of the following: (1) an objectively unreasonable failure to provide medical care, and (2) harm caused by the failure to provide care. *See Cobige v. City of Chicago*, — F. Supp. 2d —, No. 06 CV 3807, 2010 WL 4340653, at *4 (N.D. Ill. Oct. 25, 2010). In evaluating the objective reasonableness of the defendants' conduct, relevant factors include: "(1) whether the officer was aware of the arrestee's medical need; (2) the seriousness of the medical need balanced against the requested treatment; and (3) any police interests." *Id.*

Shields has failed to identify any evidence of harm. Although he testified at his deposition that he suffers blackouts when his blood sugar drops too low, he has identified no evidence that his blood sugar was low during his detainment. Indeed, he responded "Undisputed" to the defendants' statement of fact that he "suffered no physical, emotional, or mental injuries as a result of the occurrences that form the basis of his complaint." Plaintiff's Rule 56.1(b)(3) Responses [54-1] at 7 (response to Statement of Fact #50). His lack of evidence that his blood sugar was low during his detainment also undermines his ability to show that he had a serious medical need during that period of time. *See Williams v. Rodriguez*, 509 F.3d 392, (7th Cir. 2007) (arrestee did not have an objectively serious medical need during his processing because, although he suffered from asthma, he was not having an asthma attack at the time).

As a result of his lack of evidence of harm, he cannot succeed on his claim of medical inattention and, therefore, the defendants' motion for judgment on that claim is granted.

## CONCLUSION

For the reasons stated, the defendants' motion for summary judgment on all of Shields' claims is granted.

rs/cpb